# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 21-3028**  **September Term, 2020**

**1:21-cr-00040-TNM-4**

**Filed On:** June 24, 2021

United States of America,

      Appellee

    v.

Christopher Joseph Quaglin,

      Appellant

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**BEFORE:** Henderson, Wilkins, and Rao, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of law and fact filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36. It is

**ORDERED AND ADJUDGED** that the district court's pretrial detention order entered on April 16, 2021, be affirmed.

First, insofar as appellant asserts that the district court erred by not affording due deference to the release order entered on April 8, 2021 by a magistrate judge of the District of New Jersey, see United States v. Quaglin, No. 3:21-mj-14005 (D.N.J. Apr. 8, 2021), or by failing to review that release order only for clear error, appellant expressly consented to the district court's *de novo* review of the release order. See United States v. Harrison, 103 F.3d 986, 992 (D.C. Cir. 1997) ("If there was any error in the trial court's instructions to the jury, Harrison invited the error and is therefore barred from complaining about it on appeal."); Wagner v. Taylor, 836 F.2d 596, 599 (D.C. Cir. 1987) ("It has long been settled that on appeal a litigant cannot avail himself of an error that he induced the court under review to commit.").

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 21-3028**                                                                 **September Term, 2020**

Next, pretrial detention of appellant was authorized pursuant to 18 U.S.C. § 3142(f)(1)(A), because he has been charged with a crime of violence. Although the district court did not ultimately resolve the question of whether § 3142(f)(1)(A) applies in this case, the issue has been raised before both the district court and this court, and "we can affirm a district court judgment on any basis supported by the record." See Smith v. Lanier, 726 F.3d 166, 169 (D.C. Cir. 2016) (quoting Carney v. American University, 151 F.3d 1090, 1096 (D.C. Cir. 1998)); see also Jennings v. Stephens, 574 U.S. 271, 276 (2015) ("An appellee who does not take a cross-appeal may 'urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court.'" (quoting United States v. American Railway Express Co., 265 U.S. 425, 435 (1924)). Appellant is charged with violating 18 U.S.C. § 111(b) – an offense which is categorically a crime of violence. See, e.g., Gray v. United States, 980 F.3d 264, 268 (2d Cir. 2020); United States v. Bullock, 970 F.3d 210, 213 (3d Cir. 2020); United States v. Bates, 960 F.3d 1278, 1285 (11th Cir. 2020); United States v. Kendall, 876 F.3d 1264, 1269 (10th Cir. 2017); United States v. Taylor, 848 F.3d 476, 492-93 (1st Cir. 2017).

Finally, appellant has not demonstrated that the district court clearly erred in finding that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. See United States v. Munchel, 991 F.3d 1273, 1282 (D.C. Cir. 2021). As shown in video recordings and social media posts proffered by the government, appellant admitted to participating in violence in furtherance of his political beliefs in the months leading up to January 6, 2021. In addition, prior to January 6, appellant made plans to participate in violent conduct at the Capitol on that date, and he encouraged others to join him in that conduct (and to plan for violence and to bring weapons). During the incident itself, appellant shoved and struck multiple police officers outside the Capitol, and he discharged MK-9 OC spray at police officers, including directly into the unprotected face of one officer. Appellant was also on the front line of a group of individuals attempting to violently force their way inside the Capitol by physically overcoming a defensive line of police officers. In the aftermath of the incident, appellant posted videos to social media accounts celebrating his role in the violence. Furthermore, the district court did not clearly err in concluding that appellant's social media posts suggest that he is affiliated with and has communicated with the Proud Boys, many of whose members have also been indicted for participating in violence on January 6.

As we explained in Munchel, "those who actually assaulted police officers and broke through windows, doors, and barricades, and those who aided, conspired with,

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 21-3028**                                              **September Term, 2020**

planned, or coordinated such actions, are in a different category of dangerousness than those who cheered on the violence or entered the Capitol after others cleared the way." Id. at 1284. The district court did not clearly err in weighing appellant's alleged conduct, the weight of the evidence, and the nature of the charges, against appellant's evidence with respect to his character and community ties, and concluding that appellant would continue to pose a danger to the community if released given his risk of committing or advocating violence in support of his political beliefs. See 18 U.S.C. § 3142(g). Furthermore, insofar as appellant asserts that the district court was required to make specific findings on the record with respect to the likely effectiveness of the release conditions imposed by the magistrate judge, the district court complied with the clear language of 18 U.S.C. § 3142(g) in making its determination of dangerousness, and appellant has not shown that any further inquiry was required.

       Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

                                               **FOR THE COURT:**
                                               Mark J. Langer, Clerk

                              BY:     /s/
                                               Daniel J. Reidy
                                               Deputy Clerk