UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| v. ) | Case No. 1:21-cr-40 |
| ) | |
| CHRISTOPHER QUAGLIN. ) | |
| _____ ) | |

**BRIEF IN REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S SECOND MOTION FOR IMMEDIATE PRE-TRIAL RELEASE AND EMERGENCY REQUEST FOR A HEARING**

Defendant Christopher Quaglin, by and through his attorneys, hereby respectfully replies to the Government's response to Mr. Quaglin's Second Motion for Pre-Trial Release.

The Government cites no authority in its Response to Mr. Quaglin's Motion aside from a Minute Order in this case. The Government's only argument is that the Motion should be denied because Mr. Quaglin has an ongoing habeas corpus petition.

Mr. Quaglin's habeas petition - a civil action between Mr. Quaglin and the Warden of the Northern Neck Regional Jail - is an entirely separate and distinct matter from this criminal case. The civil action challenges the inhumane conditions of Mr. Quaglin's confinement at Northern Neck Regional Jail under the direction of Warden Hull. *See generally Quaglin v. Garland,* Case No. 1:22-cv-1154, ECF No. 01. The First and Second Motions for Pretrial release challenge other aspects of his confinement that were not addressed, and could not be addressed, in the habeas case.

The First Motion for Pretrial release filed in this case challenged, *inter alia*, the constitutionality of detaining Mr. Quaglin for 16 months without trial. ECF No. 419, at 6-11. This issue was not raised in the habeas case, nor could it be raised against the Warden, as the Federal Government, not the Warden, is detaining Mr. Quaglin. The Court has not addressed

this issue – neither in this case or in the habeas case - and, if anything, the issue is more pressing now as Mr. Quaglin's detention has now reached almost 20 months, which weighs heavier in his favor for pretrial release. *See United States v. Gonzales Claudio,* 806 F.2d 334, 343 (2d Cir. 1986) (condemning 14 months of pre-trial detention as excessive); *United States v. Torres,* 995 F.3d 695, 709-10 (9th Cir. 2021) (finding 21 months of pretrial detention "significant under any metric and is deeply troubling").

But this Second Motion raises an entirely new issue based on recent case law in another January 6th case. *See United States v. Nichols*, 1:21-cv-117. Judge Hogan of this Court released Ryan Nichols from pretrial detention at Rappahannock Regional Jail because it found that Rappahannock did not provide Mr. Nichols access to the Relativity database. Mr. Nichols had access to Relativity at the DC Jail, but when he was transferred to a facility that did not provide him access, Judge Hogan ordered his release to prepare for trial. Unlike Mr. Nichols who at least had some access to his discovery at the DC Jail, Mr. Quaglin has never had access.

Moreover, as this Court is aware, the Government is responsible for losing Mr. Quaglin's discovery. Attorney McBride downloaded Mr. Quaglin's discovery from USAfx onto an expensive hard drive and delivered the hard drive to Mr. Quaglin at the DC Jail, all at Mr. Quaglin's expense. The Government lost Mr. Quaglin's discovery, so the burden is on the Government, not Mr. Quaglin, to provide a new hard drive, and to expend Government attorney hours downloading the discovery from USAfx, and to expend Government attorney hours driving to Northern Neck Regional Jail, which is hours away from DC, and to deliver the hard drive, and to ensure that Warden Hull delivers the hard drive to Mr. Quaglin, and to ensure that Mr. Quaglin has a fair opportunity to view the hard drive's contents in private, and to ensure that

Northern Neck Regional Jail does not confiscate his hard drive and/or view its contents. This is the Government's responsibility, not Mr. Quaglin's.

That said, on November 28, 2022, attorney Gross contacted the Government and requested that the Government provide him access to Mr. Quaglin's discovery on USAfx. *See* Exhibit B, Gross emails. Mr. Gross was not given access so on November 30, 2022, he followed up with the Government. He was told that the Government was working "as expeditiously as possible but it will take some time." Mr. Gross has yet to receive access to Mr. Quaglin's discovery.

The fact that Mr. Quaglin seeks relief from the inhumane conditions at Northern Neck has nothing at all to do with the relief sought in this case, to meaningfully prepare for trial. At Northern Neck, under Warden Hull's direction, Mr. Quaglin's situation is dire and is getting worse by the day. *See* Exhibit A, Quaglin declaration. The United States Constitution expressly grants Mr. Quaglin the right to petition for habeas corpus. U.S. Const. art. I, § 9 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases or Rebellion or Invasion the public Safety may require it."). Neither the Court's Minute Order nor the Government's Response cites to any authority suggesting that a Court or a Government may deny a Defendant one constitutional right until the Defendant relinquishes another. Mr. Quaglin is not required to relinquish his "Privilege" to petition for habeas corpus in order to enjoy the "Privilege" to meaningfully participating in his own defense.

The Court's Minute Order cited by the Government in its Response is not proper grounds for denying Mr. Quaglin's Motion. The fact is, Mr. Quaglin has been detained for almost two years without any opportunity to prepare for trial. Other January 6th defendants have had access

to Relativity since February of 2022 and have had almost a year to prepare for their trials.[1] The Government has admitted that it would not recommend that defendants like Mr. Quaglin proceed to trial before Relativity was available, and that doing so would be "[un]workable in multiple cases or complex cases." [2] Accordingly, it would be unfair for Mr. Quaglin to proceed to trial before he has a fair amount of time to access Relativity. He cannot access it in Northern Neck and has not accessed it in any of the seven Jails he has been confined to over the last 20 months. Accordingly, the Court should grant this Motion, as the only way that Mr. Quaglin can have a fair trial is if he is released to the custody of his wife Moira so that he can prepare for trial.

Due to Mr. Quaglin's dire conditions, Mr. Quaglin respectfully requests an emergency hearing on this Motion.

Dated: December 15, 2022

          Respectfully submitted

          /s/ Jonathan Gross
          Bar ID: MD1912170138
          2833 Smith Ave., Suite 331
          Baltimore, MD 21209
          (443) 813-0141
          jon@clevengerfirm.com
          *Counsel for the Defendant*

          /s/ Joseph D. McBride, Esq.
          Bar ID:  NY0403
          THE MCBRIDE LAW FIRM, PLLC
          99 Park Avenue, 6th Floor
          New York, NY 10016
          p: (917) 757-9537
          e: jmcbride@mcbridelawnyc.com
          *Counsel for the Defendant*

---

[1] *See* Leanna Scachetti, *U.S. Government still reviewing unprecedented amount of evidence tied to January 6 Capitol siege*, WDBJ7.com, Feb 11, 2022, https://www.wdbj7.com/2022/02/11/us-government-still-reviewing-unprecedented-amount-evidence-tied-january-6-capitol-siege/ (last visited December 14, 2022).

[2] *Id.*

**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that on December 15, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties.

/s/ *Jonathan Gross*