# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Case No. 1:21-cr-40 |
| ) | |
| QUAGLIN ) | |
| _____ ) | |

## SUPPLEMENT TO DEFENDANT'S SECOND MOTION FOR PRETRIAL RELEASE AND SECOND REQUEST FOR AN EMERGENCY HEARING

In light of newly discovered information, Defendant Christopher Quaglin submits this supplement to his Second Motion for Pretrial Release.

Defendant's pending motion requests that the Court order Mr. Quaglin released from his almost two-year detention from Northern Neck Regional Jail, pursuant to 18 U.S.C. § 3142, which states that "The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."

Mr. Quaglin has already set forth many reasons why release is necessary for him to prepare for trial, but a recent development showing the inhuman treatment of inmates at Northern Neck Regional Jail provides another "compelling reason" why the Court should grant Mr. Quaglin's Motion.

It has been revealed that as recently as October of this year, the Commonwealth of Virginia's Attorney's office has expressly stated it is advocating that its local defendants be housed anywhere but Northern Neck Regional Jail, specifically because the Commonwealth Attorney found that Warden Ted Hull hid critical information from law enforcement about

injuries suffered by inmates in the Jail and thereby endangered other defendants, like Mr. Quaglin.

Attached to this motion as Exhibit A is the Virginia Commonwealth Attorney's October 4 letter to Ted Hull setting forth serious allegations against Warden Hull and Northern Neck Regional Jail.  These allegations parallel and support Mr. Qualgin's allegations of mistreatment.  Attached as Exhibit B is Warden Hull's defiant response to the Commonwealth Attorney.  Warden Hull's letter shows his callousness towards the inmates entrusted to his care as he refers to the brutal attacks on inmates that cause serious bodily harm as "crimes" in quotation marks, indicating that he does not consider these events serious.  It also shows a pattern of hostility towards any inquiries regarding his treatment of inmates and his policies.

The fact that the Virginia Commonwealth Attorney has advised against housing citizens at Northern Neck Regional Jail because she believes that the inmates are in danger of being victims of serious crimes that will not be reported to authorities is a compelling reason to release Mr. Quaglin.  Mr. Quaglin has already been transferred to six different prisons because the Federal Government could not find a prison that could properly detain Mr. Quaglin.  Therefore, the only solution at this point is to release him to the custody of his wife Moira Quaglin so he can prepare for his trial.

Dated: December 23, 2022                                             Respectfully submitted,

/s/ Jonathan Gross
Jonathan Gross
2833 Smith Ave, Suite 331
Baltimore, MD 21209
(443) 813-0141
jon@clevengerfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing is being served on opposing counsel via email on

December 23, 2022.

/s/ Jonathan Gross