UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-CR-40-TNM-4 |
| : | |
| CHRISTOPHER QUAGLIN, : | |
| : | |
| Defendants. : | |

**RESPONSE TO DEFENDANT'S SECOND SUPPLEMENT
TO DEFENDANT'S SECOND MOTION FOR PRE-TRIAL RELEASE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully responds to defendant Christopher Quaglin's second supplement to defendant's second motion for immediate pre-trial release, ECF No. 501. For the reasons explained below, the Court should deny this motion.

Under 18 U.S.C. § 3142(i), there is "a distinct mechanism for temporarily releasing a detained defendant, in a manner that has nothing to do with a revisiting of the initial detention determination." *United States v. Lee*, 451 F. Supp. 3d 1, 5 (D.D.C. 2020). The burden of justifying temporary release under § 3142(i) lies with the defendant. *Id.* Under subsection (i), a defendant otherwise subject to pretrial detention may be granted temporary release by showing both (1) that he would be released to "the custody of a United States marshal or another appropriate person," and (2) that the temporary release is "necessary for preparation of the person's defense or for another compelling reason." *See also Lee*, 451 F. Supp. 3d at 5. To determine whether temporary release is "necessary" or whether "another compelling reason" exists, courts "must be mindful of the factors set out in 18 U.S.C. § 3142(g)." *United States v. Thorn*, No. 1:18-cr-389 (BAH), 2020 WL 1984262, at *2 (D.D.C. Apr. 27, 2020).

1

Temporary release under § 3142(i) is granted only "sparingly" and in extraordinary circumstances, such as where a defendant is "suffering from a terminal illness or serious injuries." *Lee*, 451 F. Supp. 3d at 5-6.

## I. The 3142(i) Factors Continue to Weigh in Favor of Detention

Defendant fails to meet his burden to demonstrate that temporary release is "necessary for the preparation of his defense" or necessary for "another compelling reason." Quaglin previously argued that his health in prison prevents him from preparing for trial and that he does not have the tools to review voluminous discovery. ECF No. 495. In his latest supplemental filing, defendant merely contends that because a different pretrial detainee was released from Rappahannock Regional Jail, so too should he be released. As explained below, none of Quaglin's arguments are sufficient to meet his burden under § 3142(i).

### A. Temporary Release is Not Necessary for Defense Preparation

In Quaglin's second motion for immediate pretrial release, ECF No. 495, he argued that he "cannot properly prepare for his defense while confined," because (1) his health prevents him from preparing for trial, and (2) he does not have the tools to review voluminous discovery. Neither argument is sufficient to carry his burden under § 3142(i).

First, Quaglin argues that he had "staggering weight loss" while detained at Northern Neck Regional Jail (NNRJ). ECF No. 495 at 2. He argued that because the Warden at NNRJ was unwilling to address Quaglin's weight loss, he "cannot possible prepare for trial." *Id.* at 3. As Quaglin has acknowledged in his recent supplemental motion, ECF No. 501, he is no longer housed at NNRJ where he alleges to have experienced insufficient meals. He does not argue that he faces an inability to prepare for trial based on the meals he's provided since being transferred

2

to Rappahannock Regional Jail. Therefore, this justification is moot and does not warrant relief under section 3142(i).

Second, Quaglin previously argued that he cannot prepare for trial because he does not have tools to review voluminous discovery. ECF No. 495 at 3. Specifically, Quaglin argued that he has never had access to relativity or evidence.com, and thus cannot prepare for trial. *See* ECF No. 495 at 3. He also argued that when he was housed at Essex County Correctional Facility, he was never able to review a flash drive provided by his attorney; when he was at the DC Jail, he never had an opportunity to use a jail laptop; and when he was housed at NNRJ, he had never had access to a laptop or the internet. *Id.* at 3. These arguments are moot now that Quaglin is housed at Rappahannock Regional Jail.

Quaglin has all the tools he needs to adequately prepare for trial at Rappahannock Regional Jail. Quaglin has access to a tablet that has law review access and he has access to a law library. The jail offers a law library computer in each housing zone for inmates to review legal material on Lexis Nexus. Since Quaglin's transfer to Rappahannock Regional Jail, the jail has confirmed that a hard drive was received from Quaglin's attorney, and it is placed in Quaglin's property. The Supervisory Deputy United States Marshal has approved Quaglin's access to review the content of hard drives provided by Quaglin's attorney when Quaglin is in the law library. The jail makes efforts to provide Quaglin this access on a daily basis or as often as possible. Additionally, there are processes in place that permit Quaglin's attorneys to freely access relativity or evidence.com, and thus either of Quaglin's attorneys can access those databases and place all files necessary for trial preparation on hard drives for Quaglin to review. Therefore, Quaglin has all the tools necessary to adequately prepare for trial, and Quaglin has failed to carry his burden to demonstrate temporary release is warranted here.

In Quaglin's second supplement to his second motion for immediate pretrial release, ECF No. 501, defendant now makes a cursory argument in attempt to justify pretrial release. He states: "Rappahanock, by its own admission, could not provide Mr. Nichols access to a computer to view his discovery, or to the global discovery on evidence.com or relativity.com." ECF No. 501 at 1. From there, Quaglin argues that "[t]here is no difference between Mr. Nichols' case and Mr. Quaglin's case. Accordingly, as Mr. Quaglin has been transferred to Rappahannock Regional Jail, and as he will be unable to prepare for trial there, like Mr. Nichols, Mr. Quaglin should also be released to the custody of his wife so that he can prepare for trial." *Id.*

This argument falls far short of meeting the burden that temporary release is necessary for defense preparation. One defendant's pretrial release under the facts of his particular case cannot automatically trigger the release of all other defendants housed in the same facility; that argument is preposterous. Quaglin does not so much as attempt to demonstrate that his conditions are identical to those of defendant Nichols.

In Nichols' case, the parties extensively briefed Nichols' motion for pretrial release, which was based on a multitude of justifications not present in this case. Notably, during pretrial detention litigation in *Nichols*, the government conceded that Nichols would not be able to review electronic discovery at Rappahannock Regional Jail outside of attorney visits. Based on the facts and circumstances of Nichols' particular case, Judge Hogan granted temporary release. *See* Case No. 21-117, Minute Order (November 22, 2021).

Quaglin does not face the same discovery barriers here. Whether through a change of policy since that time or the facility's willingness to accommodate Quaglin, the government has confirmed that the situation is not the same here. As explained above, Quaglin has access to a

computer and a law library. Quaglin can receive electronic discovery from his attorneys and has access to the tools necessary to review discovery and adequately prepare for trial. Therefore, the fact that another defendant was temporarily released does not justify Quaglin's release.

### B. Defendant Offers No Compelling Reason for Temporary Release

Defendant's argument for release is premised on his contention that temporary release is "necessary for preparation of" his defense. As explained above, defendant's justification that release is warranted based on the meals he was provided at Northern Neck is now a moot issue, because he has been transferred facilities. Defendant fails to offer any other "compelling" reason for temporary release. Because Quaglin has the full and fair ability to prepare his defense, and he offers no alternative compelling reason for release, he has failed to meet his burden under section 3141(i), and the Court should deny this motion.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

BY: */s/ Ashley Akers*
ASHLEY AKERS
Trial Attorney, Detailee
MO Bar No. 69601
1100 L Street NW
Washington, DC 20005
(202) 353-0521
Ashley.Akers@usdoj.gov

## **CERTIFICATE OF SERVICE**

On this 17th day of January 2023, a copy of the foregoing was served upon all parties listed on the Electronic Case Filing (ECF) System.

*/s/ Ashley Akers*
Ashley Akers
Trial Attorney
