**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Case No. 1:21-cr-40 |
| ) | |
| QUAGLIN ) | |
| _____) | |

**SECOND SUPPLEMENT TO DEFENDANT'S THIRD MOTION FOR RELEASE FROM PRETRIAL DETENTION AND REQUEST FOR A HEARING**

Defendant Christopher Quaglin, by and through counsel, hereby files this second supplement to his Third Motion for Release.

On February 22, 2023, the DC Jail refused to allow Mr. Quaglin's attorney to meet with his client. Mr. Quaglin's undersigned counsel met with Mr. Quaglin at the DC Jail on February 16, 2023. On that date, undersigned counsel was allowed to visit after presenting his driver's license. On that date, undersigned counsel registered with the Jail as Mr. Quaglin's counsel. On February 22, 2023, undersigned counsel arrived at the Jail and presented the same driver's license he presented on a few days earlier, but this time he was not permitted to visit.

Mr. Quaglin is being denied access to his attorneys. He has been in the DC Jail for over a month, and despite multiple requests to have access to private calls with his attorney, his phone calls with his attorney are being recorded and monitored.

He has been in the DC Jail for over a month and has not been provided an opportunity to view his discovery. On February 16, 2023, his attorney brought an external drive containing his discovery, but the Jail would not permit him to leave it with Mr. Quaglin. Mr. Quaglin's attorney brought an external drive containing discovery again on February 22, 2023, but was denied an in

person visit with Mr. Quaglin. Even if Mr. Quaglin was allowed to have his discovery, he would not be able to view it because he has no access to a laptop, despite submitting multiple requests.

Mr. Quaglin has still never had access to relativity.com or evidence.com with the 14,000 hours of voluminous discovery, and it goes without saying that he has not seen the additional 30,000 hours that were made available to Cable News Host Tuck Carlson, according to reports on February 21, 2023.  Mr. Quaglin was in the DC Jail for weeks before he was provided with an electronic tablet.  As soon as he received a tablet, he immediately requested access to relativity.com and evidence.com.  He was told that he needed to sign a form before he could view the databases, so he requested the form. It has been almost a week and he has yet to receive the form to sign.

Mr. Quaglin is limited to only one hour of video conference calls with his attorneys per week.

Mr. Quaglin is still being deprived of food that he is not allergic to.  In the weeks that he has been at the DC Jail there has not been a single day when he was provided with three meals he could eat.  Some days he was provided with no meals he could eat. The kitchen staff is not trained to provide a gluten free diet.  Everyday Mr. Quaglin is given trays of food that contain items that obviously contain gluten such as cream of wheat, Rice Krispies, pasta, and bread. When this happens, Mr. Quaglin points it out to the staff, but it is almost always too late to receive a substitution tray because by the time the staff returns to the kitchen, the staff finishes its shift and leaves the Jail.  Other times, Mr. Quaglin has been provided with food that does not appear to contain gluten, but after eating it he becomes seriously ill because the food was cross contaminated with gluten and he therefore suffers an allergic reaction.

In the middle of the night of February 21, or the early morning of February 22, the guards woke Mr. Quaglin from his sleep and presented him with documents that he was ordered to sign. Mr. Quaglin signed them in a state of confusion and immediately regretted it. He was never provided copies of those documents, and has no information as to what he signed.

"The consequences of these conditions and restrictions, such as delays and substantially restricted access to counsel, can cause irreparable injuries related to the proceedings for which Plaintiff's clients are preparing." *SPLC v. U.S. Dep't of Homeland Sec.*, Civil Action No. 18-760 (CKK), 2020 U.S. Dist. LEXIS 106416, at *112 (D.D.C. June 17, 2020)

The Government has failed in its duty to detain Mr. Quaglin pretrial. Accordingly, the Court should order Mr. Quaglin's immediate release to the custody of his wife Moira Quaglin.

## CONCLUSION

For the foregoing reasons, and for all of the reasons cited in all previous motions and filings requesting Mr. Quaglin's release, Mr. Quaglin respectfully requests that he be released from pretrial custody immediately to the custody of his wife Moira Quaglin.

Dated: February 22, 2023

Respectfully submitted,

/s/ Jonathan Gross
Jonathan Gross
2833 Smith Ave, Suite 331
Baltimore, MD 21209
(443) 813-0141
jon@clevengerfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is being served on opposing counsel via email on

February 22, 2023

/s/ Jonathan Gross