**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Case No. 1:21-cr-40 |
| ) | |
| QUAGLIN ) | |
| _____) | |

**SECOND SUPPLEMENT TO REPLY TO RESPONSE TO**
**THIRD MOTION FOR RELEASE**

TO THE HONORABLE COURT:

On March 2, 2023, one of Mr. Quaglin's attorneys was allowed to visit with Mr. Quaglin. Mr. Quaglin reported that he has not been provided with an opportunity to view the discovery that was dropped off with the prison litigation department on February 28. Further, he was told by an inmate that it may take "weeks" to have an opportunity to view his discovery. During Mr. Quaglin's last stay at the DC Jail in 2021, Mr. Quaglin's attorney left an electronic storage device with the Jail litigation department and Mr. Quaglin was never given access. The Government lost that electronic storage device when Mr. Quaglin was transferred. Mr. Quaglin is also deprived of access to Lexis for legal research.

On February 27, 2023, Mr. Quaglin's attorney, pursuant to instructions given to him by the Jail, sent an email to the Jail and requested that he be included on the Jail's list of approved legal calls for Christopher Quaglin. Exhibit A. Mr. Quaglin has been making this request for weeks from his end. Mr. Quaglin's attorney received an automatic response to his email, but was not provided with access to confidential legal phone calls with Mr. Quaglin. Exhibit B. To date, no access has been granted. Mr. Quaglin is currently being illegally punished by the Jail in violation of his civil rights and his general phone privileges have been cut off so he is not permitted by the Jail to call his family or his attorneys.

Regarding the Jail's inability to provide Mr. Quaglin with food he can eat, on March 1 and 2 Mr. Quaglin received products for breakfast that are known to contain gluten or to have been cross contaminated with gluten by the manufacturer. The DC Jail staff has no training on providing food for inmates like Mr. Quaglin with celiac disease so they do not know how to identify foods that Mr. Quaglin cannot eat. Fuerther, Mr. Quaglin is being illegally punished and is not permitted to purchase food from the commissary.

On March 2, 2023, Mr. Quaglin's lunch came with a slice of white bread laying on top of the other items on his tray. As this was obvious cross contamination with gluten, Mr. Quaglin informed the staff that he could not eat the food on the tray and requested another tray. The Jail acknowledged that the bread was not gluten free and took the tray back to the kitchen. The staff returned with a new tray that contained nothing but eight slices of regular white bread.

It is a *prima facie* violation of the Eighth Amendment when a Jail deprives an inmate of a serious basic human need and the prison officials are deliberately indifferent to the prison's condition. *Wilson v. Seiter,* 501 U.S. 294, 299-300 (1991) (citing *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981) (holding "unnecessary and wanton infliction of pain" and deprivations denying "the minimal civilized measure of life's necessities," are sufficiently grave to form the basis of an Eighth Amendment violation)). This cruel joke perpetrated by the Jail staff shows deliberate indifference to Mr. Quaglin's most basic human need, the need for food.

Mr. Quaglin is engaging in the Jail's grievance process but to no avail. He will continue to update the Court until he is granted a hearing on the matter.

Dated: March 2, 2023					Respectfully submitted,

						/s/ Jonathan Gross
						Jonathan Gross
						2833 Smith Ave, Suite 331
						Baltimore, MD 21209
						(443) 813-0141
						jon@clevengerfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is being served on opposing counsel via email on

March 2, 2023

/s/ Jonathan Gross
Jonathan Gross