UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-cr-40 (TNM) |
| v. | : | |
| | : | |
| CHRISTOPHER JOSEPH QUAGLIN, | : | |
| STEVEN CAPPUCCIO, and FEDERICO | : | |
| KLEIN, | : | |
| | : | |
| Defendants. | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT QUAGLIN'S NOTICE OF INTENTION TO FILE A MOTION FOR A CONTINUANCE OF TRIAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its response to defendant Quaglin's Notice of Defendant's Intention to File a Motion for a Continuance of Trial (Dkt. Entry 578). As set out below, the government opposes the defendant's newest request for a continuance in this case and respectfully requests that the Court set a hearing on the motion as soon as practicable.

### PROCEDURAL BACKGROUND

On April 16, 2021, defendant Quaglin was indicted on a number of charges relating to his participation in the attack on the U.S. Capitol, including multiple charges of assaulting law enforcement officers and obstructing Congress. Dkt. Entry 37. Over the next several months, additional charges and defendants – including co-defendants Klein and Cappuccio – were added to the indictment. The current indictment, the Fifth Superseding Indictment, was returned on December 1, 2021. Dkt. Entry 179.

On December 17, 2021, the Court set a jury trial for defendants Quaglin, Cappuccio, and Klein (Group Two) for September 26, 2022. 12/17/2021 Minute Entry. On July 27, 2022, defendant Klein filed a motion to continue the trial. Dkt. Entry 397. On July 29, 2022, defendant

1

Quaglin filed his own motion for a continuance citing his counsel's health issues.. Dkt. Entry 406. At the pretrial conference on August 23, 2022, the Court reluctantly granted the defendants' motions to continue and re-set the trial date to April 10, 2023.

On September 22, 2022, defense counsel Jonathan Gross filed an appearance in the case on behalf of defendant Quaglin. Dkt. Entry 475. On March 6, 2023, defendant Quaglin's other counsel, Joseph McBride, filed a motion to withdraw. Dkt. Entry 559. In Mr. McBride's motion, he claimed that his March 27, 2023, trial in *United States v. Taylor Nichols*, 21-CR-117 meant he could not be ready for trial "anytime soon" in this case. His motion noted that Mr. Gross was also co-counsel in the *Nichols* case and would withdraw from that case in order to serve as sole counsel for Mr. Quaglin in the upcoming trial in this case. *Id.* The Court granted Mr. McBride's motion to withdraw on the same day. 3/6/2023 Minute Order.

Today, defendant Quaglin filed a motion to continue the April 10, 2023, trial, which has been set since long before his counsel's appearance in this case in September 2022. Dkt. Entry 578. Defendant's motion states that his counsel strictly observes the holiday of Passover which includes the first three days of the scheduled trial and asks the Court to continue the trial for 12 months. *Id.*

## ARGUMENT

The government opposes defendant Quaglin's latest attempt to continue this trial. The case history indicates that defendant's latest motion is nothing more than a delay tactic. First, defense counsel was or should have been aware of the April 10 trial date when he entered an appearance in this case in September 2022. Counsel should not have agreed to serve as defense counsel when he knew that he had a clear conflict with the current trial date. Even so, counsel filed an appearance

anyway and failed to raise this conflict with the Court until now, less than four weeks before the trial begins.

Defense counsel had a second opportunity to avoid his scheduling conflict when he and his co-counsel became aware of their competing schedules in this case and the *Nichols* case. It is entirely unclear why defendant Quaglin's former counsel would choose to handle the *Nichols* trial, which is set to occur well in advance of the Passover holiday, leaving current counsel to handle the trial with which he has an obvious and foreseeable conflict. The opposite arrangement would allow for coverage of both trials. So for a second time, defense counsel chose (perhaps strategically) to pursue representation in a case where he knew he had a conflict. It appears from this history that this is no accident but is a deliberate attempt by counsel and his client to again delay this trial.[1]

Accordingly, the government opposes defendant Quaglin's latest motion to continue the trial and asks the Court to set the motion for a hearing with all of the defendants as soon as practicable. The government notes that it is not opposed to a short continuance in order to accommodate counsel's religious obligations. However, the government strongly objects to a 12-month continuance.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By: /s/ Kaitlin Klamann

ASHLEY AKERS
Trial Attorney, Detailee

---

[1] The government notes that defendant Quaglin has staked out contradictory positions in his recent motions: Mr. Quaglin complains about his prolonged incarceration but simultaneously asks to continue his trial in this case for the lengthy period of 12 months due to a claimed conflict of merely three days.

MO Bar No. 69601
601 D Street N.W.
Washington, DC 20530
(202) 353-0521
Ashley.Akers@usdoj.gov

ANTHONY W. MARIANO
Trial Attorney, Detailee
MA Bar No. 688559
601 D Street N.W.
Washington, DC 20530
(202) 476-0319
Anthony.Mariano2@usdoj.gov

KAITLIN KLAMANN
Assistant United States Attorney
IL Bar No. 6316768
601 D Street N.W.
Washington, DC 20530
(202) 252-6778
Kaitlin.Klamann@usdoj.gov