## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Case No. 1:21-cr-40 |
| ) | |
| QUAGLIN ) | |
| ) | |

## DEFENDANT'S BRIEF IN REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT QUAGLIN'S NOTICE OF INTENTION TO FILE A MOTION FOR CONTINUANCE OF TRIAL

TO THE COURT:

The Government accuses Defendant Quaglin of using "a delay tactic." Passover is not a delay tactic.

Mr. Gross, a constitutional rights attorney who has never in his life practiced criminal law, entered this case on September 22, 2022, as a contract attorney hired by Mr. McBride to advise Mr. McBride on Mr. Quaglin's habeas petition and to appear at a hearing in that case on September 29, 2022.[1] Mr. Gross was never formally retained by Mr. Quaglin, met Mr. Quaglin for the first time on September 29, 2022 at the hearing, and then only briefly, and was never intended to be Mr. Quaglin's lead attorney for his criminal case.

Mr. Quaglin's pretrial detention case is *sui generis*. No other January 6 defendant has been transferred nine times. No other January 6 defendant has been deprived of food. No other

---

[1] As it happens, Mr. Gross inadvertently entered into the criminal case instead of the habeas case, and the Court graciously allowed Mr. Gross to orally enter his appearance at the hearing on September 29. That said, Mr. Gross intended to enter the criminal case as well, as he entered at the same time in the cases of Ryan Nichols and Richard Barnett. In those cases, Mr. Gross' role was to advise on Constitutional rights. In the case of Ryan Nichols, Mr. Gross was hired by Mr. McBride to assist in arguing for Mr. Nichols' release from pretrial detention, and in the case of Mr. Barnett, Mr. Gross hired by Mr. McBride as fourth chair on a team of three other attorneys, and assisted in pretrial motions involving the constitutionality of the charges against Mr. Barnett.

January 6 defendant has been deprived of his discovery for two years. It was reasonable for Mr. Quaglin to have a separate attorney to litigate his conditions of confinement.

The Passover trial was scheduled long before Mr. Gross became involved in the case and, as the Court stated on the record at the March 14, 2023 hearing, the scheduling conflict is not the fault of Mr. Gross.  The Government is being unreasonable by refusing to consent to any continuance for Passover, given Mr. McBride's sudden and unplanned departure from the case, and Mr. Quaglin fully expects that this Court will grant a continuance so that Mr. Quaglin can have his attorney at trial.

Mr. Quaglin consents to being severed from the other two defendants he was arbitrarily grouped with to stand trial.  The group that was originally nine was reduced to five and has since been whittled down to three.  Mr. Quaglin's departure from the group will have no effect on the trial on April 10, and the arbitrary grouping is no reason to deny him a continuance.

All Mr. Quaglin requests at this time is for a week to set forth in a written brief the reasons why his unique circumstances justify a reasonable continuance so that he can fairly prepare for trial.  This is a reasonable request and Mr. Quaglin hopes the Court will grant it.

As a final note for the record, the Government accuses the Defendant of taking contradictory positions by asking for both release to prepare for trial and more time to prepare for trial. Those are obviously not contradictory positions.  The Constitution and the law provides Mr. Quaglin the right to ask for both. Mr. Quaglin requested he be released because obviously release is the best option for him to prepare for trial. Now that he has been denied and he must prepare for trial in a prison that has not provided him with his discovery, has not provided him with three meals a day that he can eat, has not provided him a reasonable way to communicate

with his attorney, he reasonably requests more time to prepare. Those two positions are not contradictory.

## CONCLUSION

For the foregoing reasons, Mr. Quaglin requests that the Court order a continuance for Mr. Quaglin's trial set for April 10, 2023, to a date to be determined, and grant Mr. Quaglin leave until March 23, 2023 to file a written brief setting forth the reasons that his unique circumstances require a reasonable continuance to prepare for trial in the interest of fairness and justice.

Dated: March 16, 2023                           Respectfully submitted,

/s/ Jonathan Gross
Jonathan Gross
The Clevenger Firm
2833 Smith Ave, Suite 331
Baltimore, MD 21209
(443) 813-0141
jon@clevengerfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is being served on opposing counsel via email on

March 16, 2023

/s/ Jonathan Gross