UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATE OF AMERICA**, | |
| Plaintiff, | |
| v. | Case No. 1:21-cr-40-4 |
| **CHRISTOPHER JOSEPH QUAGLIN**, | |
| Defendant. | |

**ORDER**

Christopher Joseph Quaglin has been awaiting trial on multiple felonies arising out of his conduct on January 6 since December 2021. Trial was originally set for October 3, 2022, for him and his two co-defendants. His attorney, Joseph McBride, filed few pretrial motions and was frequently unavailable for status hearings. As such, the Court repeatedly expressed concerns about McBride's ability to represent Quaglin. *See, e.g.*, Minute Entry for Status Conference (Aug. 8, 2022). Then, McBride moved for a continuance on August 3, 2022, citing health issues that rendered him unable to represent Quaglin. *See* ECF No. 406 (reporting a health condition that requires treatment and recovery for two to three months). The Court held a hearing on that motion and reluctantly continued the trial until April 10, 2023.

On March 6, 2023—barely a month before trial—McBride moved to withdraw as Quaglin's attorney. *See* ECF 559. In that motion, he stated that due to his representation of another January 6 defendant in *USA v. Nichols*, 21-cr-117-RCL, scheduled for trial on March 27, 2023, he is unable to represent Quaglin. *See* Mot. to Withdraw, ECF No. 559.[1] McBride stated

---

[1] Upon review of the *Nichols* docket, it appears that the trial previously scheduled for March 27, 2023 has also been continued as of March 21, 2023. McBride also filed a continuance in that case based on the physical health of the Defendant, which Judge Lamberth granted. *See* 21-cr-117, ECF No. 212.

that his second chair, attorney Jonathan Gross, will take over Quaglin's case and that "this request will not prejudice Defendant Quaglin." *See id.* McBride wrote that Gross "knows Quaglin's case well" and that he had notified Quaglin and his family of the change. *See id.* With this information in hand, the Court granted McBride's motion to withdraw that same day. Two days later, Gross moved to withdraw from the *Nichols* case to "devote [his] time and attention to Mr. Quaglin's [case]." *See* 21-cr-117, ECF No. 219.

Then, on March 14, 2023—less than a month before trial—Gross notified the Court that he intends to file for a continuance. *See* Tr. of Mot. Hr'g, ECF No. 582; Not. of Intent to File a Mot. for a Continuance, ECF No. 578. The Government immediately opposed, *see* ECF No. 580, and this Court held a hearing a few days later, *see* Minute Entry (Mar. 21, 2023).

During the hearing, Gross stated that he entered his appearance in Quaglin's criminal case "inadvertently" and was retained only for the habeas case Quaglin brought against the warden at Northern Neck Regional Jail. *See* Tr. of Mot. Hr'g at 6–7; *see also* 22-cr-1154. Gross then explained that he does not practice criminal law and that he is not competent to be Mr. Quaglin's lead attorney at the trial scheduled to begin in a few weeks. *See id.* at 6–9. Gross also stated that he strictly observes the holiday of Passover and would be unavailable for the first four days of the trial if it proceeds as scheduled. *See id.* at 4, 7.

Quaglin's attorneys have now delayed this trial multiple times to the detriment of their client, who remains detained, and to the inconvenience of his co-defendants and the Government who seek a speedy resolution to this matter. Indeed, the Court has doubts that McBride's initial continuance request was made in good faith.[2] Given the inconsistencies between McBride's

---

[2] McBride stated in August 2022 that he would be undergoing medical treatment for two to three months that would make preparation for trial difficult and that he "does not have an exact timetable regarding recovery." Mot. to Continue, ECF No. 406; *see also* 21-cr-117, Mot. to

motion to withdraw, Gross's motion to withdraw in the *Nichols* case, and Gross's statements at the March 21st hearing, McBride and Gross are hereby

**ORDERED** to SHOW CAUSE as to why they should not be referred to the Committee on Grievances for the U.S. District Court for the District of Columbia for attorney discipline under D.C. Rules of Professional Conduct 1.1 (competence), 1.3 (diligence), and 3.3 (candor to the tribunal).

**ORDERED** that McBride and Gross must file responses to this Order, if any, by April 10, 2023.  It is also

**ORDERED** that McBride and Gross shall appear for an in-person hearing on this Order on April 18, 2023, at 10:00 am in Courtroom 2.

**SO ORDERED.**  The Clerk of Court is requested to serve a copy of this Order on McBride at jmcbride@mcbridelawnyc.com because he has withdrawn from this case.

Dated: March 23, 2023                                                                                      TREVOR N. McFADDEN, U.S.D.J.

---

Continue, ECF No. 129 (seeking a similar continuance in the *Nichols* case).  However, McBride continued to file motions in the *Nichols* matter and appeared in court, *see, e.g.*, 21-cr-117, Minute Entry (Sept. 8, 2022).  According to his public twitter account, he also gave many news interviews during that time.  *See, e.g.*, https://tinyurl.com/3639tur4; https://tinyurl.com/2p96f6ee. McBride also spoke to a local Committee about his fight for the "January 6 political prisoners," *see* https://tinyurl.com/y5tw7mn6, and continued to tweet at length about Quaglin's troubling detention conditions, *see* https://tinyurl.com/3347usup, despite not filing anything on his behalf. Finally, in early November 2022, McBride posted pictures of himself on the beach at Mar-a-Lago and inside former President Trump's 2024 campaign announcement party.  *See* https://tinyurl.com/yrfryd74; https://tinyurl.com/5t4784cd. While lawyers—like all citizens—are entitled to speak freely, these public representations by McBride call into question the genuineness of his need for a medical continuance because of his inability to represent Quaglin last October.