UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES**, <br><br> v. <br><br> **CHRISTOPHER JOSEPH QUAGLIN**, <br><br> Defendant. | Case No. 1:21-cr-00040-4 (TNM) |

## ORDER

Before the Court is Defendant Christopher Joseph Quaglin's Motion to Alter and Amend the Court's decision denying his third motion for release. *See generally* Mot. to Alter and Amend (Mot.), ECF No. 603. In it, he relitigates many issues relating to the conditions of his confinement that the Court heard, and denied as compelling reasons for release. *Compare id., with e.g.*, ECF Nos. 419, 421, 477, 495, 499, 501, 519, 531, 536, 540, 547, 548, 577, 593.[1]

Quaglin raises one piece of new evidence in his latest motion. After the hearing on his Third Motion for Release concluded, Quaglin sought records from the D.C. Jail about his security classification. *See* Mot. at 3–4; *see also* Ex. 1, ECF No. 603-1. The form he submits shows that the D.C. Jail initially classified him as a minimum security inmate, but that it bumped him up to maximum security because he is a "J6 inmate . . . arrested after the capitol riot." Ex. 1 at 1–2. Quaglin argues that this intake form is evidence of discriminatory treatment for January 6 inmates and that it "was forged after [he] signed it." Mot. at 3–4. In support, Quaglin submits grievances he filed and a declaration from one of his co-defendants. *See generally* Exs. 2–20.

---

[1] Quaglin also raised similar issues in a parallel habeas case. The Court granted summary judgment to the Warden at Northern Neck Regional Jail after receiving extensive briefing and holding a motions hearing. *See generally* 22-cv-1154.

1

The Federal Rules of Criminal Procedure do not provide for motions for reconsideration in criminal cases. However, some judges in this district have adopted the same standard of review applied to motions filed in civil cases under Federal Rule of Civil Procedure 59(e). *See, e.g.*, *United States v. Cabrera*, 669 F. Supp. 2d 35, 40 (D.D.C. 2010). Regardless, Rule 59(e) motions are disfavored and granted only when the moving party "establishes extraordinary circumstances" such as an intervening change in controlling law, new evidence, or the need to correct clear error. *Id.* at 41. Such motions are not "a second opportunity to present argument upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier." *Id.*

Quaglin bases his motion for reconsideration on the availability of new evidence, namely the intake form he submitted from the Jail classifying him as a maximum security inmate.[2] But as noted, the Court held a motions hearing on Quaglin's Third Motion for Release in mid-March. Quaglin could have presented this new evidence then. This motion is therefore procedurally improper.

But even if he had presented the intake form, it would not have changed the Court's conclusion. As the Court noted during the March hearing, Quaglin has been moved to nine facilities and has a history of disciplinary infractions at Northern Neck Regional Jail. *See* Hr'g Tr. at 28–40, ECF No. 582. Whether or not special classification for all January 6 defendants is appropriate, the Jail appears to have had adequate grounds for concern in this case. And release

---

[2] As noted, Quaglin also rehashes many issues he previously raised. *See, e.g.* Mot. at 6–8 (complaining about his habeas petition, the grievance systems at the jails, and his access to gluten-free food). The Court declines to analyze each of these claims again and instead incorporates its prior rulings by reference. *See, e.g.*, ECF Nos. 477, ECF No. 577, ECF No. 582; *see also* 22-cv-1154.

was not necessary for the preparation of Quaglin's defense. *See id.* More, the Court is loath to second-guess or micromanage the Jail's classification of its inmates.

Quaglin also complains that the Court should not have admitted the Government's evidence about why Quaglin was transferred back to the D.C. Jail during the motions hearing. *See, e.g.*, Mot. at 9. And Quaglin offers an alternative argument as to why he was moved—retaliation for filing too many grievances. *See id.* At the hearing, and at the request of the Court, the Government presented a witness who explained that Quaglin had been transferred because he was harassing medical staff. *See* Hr'g Tr. at 12. The Court appropriately considered and credited the Government's evidence. Quaglin could have presented his alternative theory for his transfer at the hearing. *See, e.g.*, *Cabrera*, 669 F. Supp. 2d at 41 (noting motion for reconsideration is not the time to present new theories). In any event, the evidence about why Quaglin was moved was only one consideration among many supporting the Court's ongoing decision to detain him pretrial. Even if Quaglin had presented his alternative theory, it would not have changed the Court's ultimate decision.

For these reasons, it is hereby **ORDERED** that Quaglin's [603] Motion to Alter or Amend is DENIED.

**SO ORDERED**.

Dated: April 7, 2023                                                  TREVOR N. McFADDEN, U.S.D.J.