UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATE OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **CHRISTOPHER JOSEPH QUAGLIN**, <br><br> Defendant. | Case No. 1:21-cr-40-4 |

**ORDER**

Before the Court is attorney Joseph McBride's response to the Court's Order to Show Cause regarding possible attorney misconduct. *See* Resp., ECF No. 613. Following an evidentiary hearing, the Court discharges that order as to Mr. McBride.

The impetus for the show cause order was Mr. McBride's withdrawal from representing Defendant Christopher Quaglin. Barely a month before a multi-defendant trial that had been rescheduled at his request, Mr. McBride moved to withdraw as Mr. Quaglin's attorney. *See* Mot. to Withdraw, ECF No. 559. In that motion, he stated that he needed to focus on the trial of another January 6 defendant, scheduled just before Mr. Quaglin's. *See id*. at 1. Mr. McBride explained that his second chair, attorney Jonathan Gross, would take over Mr. Quaglin's case as "lead counsel going forward," and that "this request will not prejudice Defendant Quaglin." *Id.* Mr. McBride wrote that Mr. Gross "knows Quaglin's case well" and that Mr. Quaglin knew of the change. *Id.* With this information in hand, the Court summarily granted Mr. McBride's motion.

At a subsequent hearing, Mr. Gross told the Court a different story. He explained that he had entered Mr. Quaglin's criminal case "inadvertently," and that he had never been lead counsel on a criminal case before and thus was not comfortable as lead attorney here. *See* Tr. of Status

1

Conf. at 7–9, ECF No. 593.  More, Mr. Gross explained that due to religious obligations, he would be unavailable for the first few days of Mr. Quaglin's trial.  *See id.* at 6, 9.

Because of the inconsistencies surrounding his motion to withdraw and other conduct, the Court ordered Mr. McBride to show cause as to why he should not be referred to the Committee on Grievances under D.C. Rules of Professional Conduct 1.1 (competence), 1.3 (diligence), and 3.3 (candor to the tribunal).[1]  *See* Order, ECF No. 591.  Mr. McBride submitted a response and the Court held an evidentiary hearing.

Based on Mr. McBride's statements at that hearing, the Court finds that he did not initially fulfill his professional duty of candor to this tribunal.  An attorney "shall not knowingly . . . [m]ake a false statement of fact . . . to a tribunal or fail to correct a false statement of material fact."  D.C. R. Prof. Conduct 3.3.  The commentary explains that "[t]here may be circumstances where failure to make a disclosure is the equivalent of an affirmative misrepresentation."  *Id.* cmt. 2.  Mr. McBride omitted three material facts from his motion to withdraw as Mr. Quaglin's counsel.

*First*, recall that Mr. McBride wrote in his withdrawal motion that Mr. Gross would be "lead counsel going forward."  Mot. to Withdraw at 1.  But at the evidentiary hearing, he admitted that Mr. Gross would only be lead counsel "for a time"—which could be mere "hour[s], one day, [or] one week"—until he could find substitute lead counsel and get her up to speed.  *See* 4/18/23 Hr'g Tr. at 10.  This is very different from the implication in his withdrawal motion.

*Second*, Mr. McBride did not explain that Mr. Gross would be unavailable for the first few days of trial due to religious obligations.  *See id.* at 15.  Both of these facts had significant

---

[1] The Local Rules of this Court incorporate the D.C. Rules of Professional Conduct except as otherwise provided by a specific Rule.  *See* LCvR 83.15(a).

2

scheduling implications. It would take time for Mr. Gross to retain and inform new lead counsel about this complicated multicount, multi-defendant felony case, and Mr. Gross himself could not attend the trial as scheduled. Mr. McBride's omissions were especially notable given the many other attorneys and witnesses involved in the case. Even though Mr. Quaglin had no objection to a continuance, the Court had other parties' interests to consider, too, and Mr. McBride's omissions undermined the Court's ability to properly balance those competing interests.

*Third*, Mr. McBride did not mention that Mr. Quaglin wanted to replace him. *See id.* at 12. Mr. McBride's suggestion at the hearing that he omitted this information to protect his client's interests is doubtful. *See id.* at 12–13. More likely, he was protecting himself from the embarrassment of disclosing that he had been fired. While the reason for Mr. McBride's termination was irrelevant, the fact of his removal was pertinent to the withdrawal motion.

These omissions forced the Court to continue this multi-defendant trial—for a second time. If the Court had known all the facts, it likely would not have allowed Mr. McBride to withdraw. *See* LCrR 44.5(d) ("The Court may deny a motion to withdraw if the attorney's withdrawal would unduly delay trial of the case . . . or otherwise not be in the interests of justice.").

The Court therefore **ADMONISHES** Mr. McBride to scrupulously adhere to his duty of candor to this Court and others going forward. The Court finds that further disciplinary action is unwarranted under Rule 3.3 or the other bases mentioned in the show cause order.

For these reasons, it is hereby

**ORDERED** that the [591] Order to Show Cause is hereby DISCHARGED as to attorney Joseph McBride.

**SO ORDERED.** The Clerk of Court is requested to serve a copy of this Order on Mr. McBride at jmcbride@mcbridelawnyc.com because he has withdrawn from this case.

Dated: April 20, 2023                                         TREVOR N. McFADDEN, U.S.D.J.