IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.                                                                              Case No.:  1:21-CR-40-4

CHRISTOPHER QUAGLIN.
_____/

## MOTION FOR RELEASE FROM CUSTODY
## TO HOME DETENTION

COMES NOW, Christopher Quaglin, via undersigned counsel, and files this Motion for Release From Custody to Home Detention and moves this Court for an Order releasing Christopher Quaglin from Custody at the D.C. Jail at earliest to home detention at his residence in North Brunswick, New Jersey, and as sound, lawful, and sufficient grounds states as follows:

1. Counsel was admitted to this case pro hac vice on May 2nd, 2023, and fully admitted to the DC Bar on June 5th, 2023.

2. Trial is now set in this matter for July 10th, 2023.

3. Counsel has requested reasonable attorney visitation via video to the DC detention facility of which the jail cannot accommodate, rather, the D.C. Jail has communicated to counsel that video visitation is now limited to only Fridays (maximum 1 hour) for attorneys and there's a wait list, ie, even with several days advance request a Friday video conference may not be available as with one of counsel's latest requests.

4. Pursuant to the detention facility at D.C., counsel can talk only 15 minutes at a time, only at certain times, and has to wait between calls, ie, no more than a bifurcated hour per day with a client. Counsel can text with a client, with no images, no attachments (without attorney/client privilege).

5. Counsel cannot sufficiently or adequately prepare for trial on non-video, non-share screen telephone calls with an inmate/client.

6. Counsel cannot prepare for trial via text messages with an inmate/client.

7. Counsel did travel to DC and visit in-person with Mr. Quaglin on June 7th and June 9th, however,

those matters were an overall review of discovery, and stages of trial.  Mr. Quaglin has no prior record and does not fully understand the ramifications of trial and what evidence may or may not be allowed at trial, etc..

8. The present circumstances at the D.C. Facility do not allow for meaningful attorney/client communications, let alone attorney/client trial preparation under the 5th and 6th Amendments of the United States Constitution.

9. It is a criminally charged Defendant's right to have the attorney of their choice (private) representing them.

10. The D.C. Jail, for whatever reason, cannot accommodate any meaningful video visitation which is frankly, unreasonable considering the array of representation across the United States on January 6th, 2021 District of Columbia cases.

11. Pursuant to communications with the jail, seems their belief is that since in-person attorney/client visits no longer need scheduling ahead of time, that video visitation between out-of-state attorneys and their J6 clients can be limited to one day only, Fridays, wherein the jail has so many requests, they cannot timely bring forth a defendant while an attorney makes timely requests.

12. Counsel does have family in Eastern PA who can accommodate a stay for trial preparation on Mr. Quaglin's case free of cost.  Counsel would be one hour away from N. Brunswick, NJ where Mr. Quaglin's wife and 2 year old child reside.

13. The Court allowing a home detention, as opposed to incarceration (while Mr. Quaglin is presumed innocent), would allow counsel to appropriately and diligently prepare for trial with her client.

14. The provisions of 18 U.S.C. §§3142 and 3144 govern pretrial release.  Mr. Quaglin qualifies for pre-trial release, particularly at this juncture, wherein trial preparation is tantamount for Mr. Quaglin's effective defense under the United States Constitution.   The other two co-defendants, accused of similar conduct in this case, are not in-custody and are able to effectively prepare for trial.

15. Alternatively, counsel requests Mr. Quaglin be released on home detention in order for counsel to zoom with her client when necessary, and have the ability to do that every day in the two weeks leading up to trial, sharing screens, reviewing evidence, having an internet connection, having meaningful trial preparation.

16. This would allow attorney and client to communicate face to face while sharing screens that include the evidence in this case.

17. Mr. Quaglin, prior to me filing a Notice of Appearance in this matter, signed a waiver several times, the last time was in Court to get access to discovery.com.   Said access has yet to be granted by the jail to Mr. Quaglin further frustrating trial preparation.

18. Anything short of releasing Mr. Quaglin on home detention in order to effectively zoom and prepare for trial in the two weeks to ten days prior to July 10th, is highly unreasonable and may well result in an ineffective assistance of counsel claim if Mr. Quaglin is convicted.

16. A second alternative could be that the Court can issue an Order directing the DC Jail Facility to immediately allow and accommodate attorney/client video visitations w/screen share communications with Mr. Quaglin from 8am-6pm every day of the week.   Counsel will also have the internet on her end, facilitating effective trial preparation (the DC jail has no internet availability of any kind, but, counsel can share screen).

17. The Government is opposed to this Motion.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Release to Home Detention has been furnished via Electronic Filing to Ashley Akers, AUSA, Office of the U.S. Attorney, District of Columbia and all other parties on this 22nd day of June, 2023.

*/S/ Maria T. Rodriguez*

Maria T. Rodriguez, Attorney at Law
P.O. Box 2176
Tarpon Springs, FL 34688
Tel:  (727) 238-2342
Fla. Bar No.:  168180 / US DISTRICT OF COLUMBIA
FL MD AND FL SD
Email:  attorneymariar@aol.com