UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v.  ) | Case No. 1:21-cr-40 |
| ) | |
| QUAGLIN ) | |
| _____) | |

## DEFENDANT QUAGLIN'S MOTION IN LIMINE TO EXCLUDE UNNECESSARY AND CUMULATIVE EVIDENCE

### INTRODUCTION

After viewing the discovery, Mr. Quaglin takes full responsibility for his conduct on January 6, 2021, however, he has opted to proceed to trial to preserve certain issues for appeal that do not relate to his factual guilt and to challenge the applicability of 18 USC §§ 111(b) and 2111 to certain specific discrete instances. In light of his taking responsibility for the general allegation he is charged with, the trial should be limited to the four corners of the video and witness testimony of the specific discrete instances at issue. Accordingly, all evidence relating to his social media history, his internet search history, the contents of any cell phone or his character should be excluded under Federal Rule of Evidence 401 or else at least Federal Rule of Evidence 403.

**MR. QUAGLIN TAKES RESPONSIBILITY FOR HIS GENERAL CONDUCT ON JANUARY 6 AND IS WILLING TO STIPULATE AT TRIAL TO THE SAME**

Mr. Quaglin is charged with two categories of violations: violations that incorporate his general conduct on January 6, 2021, and violations based on specific instances of conduct. In the first category are Counts 34, 35, 39, 47, and 53 - violations of 18 U.S.C. §§ 1512(c)(2), 231(a)(3), 1752(a)(2), 1752(a)(4), and 40 U.S.C. § 5104(e)(2). In the second category are Counts 1 2, 3, 11, 23, and 26 - various violations of provisions of 18 U.S.C. § 111 - and Counts 4 and 20 - violations of 18 U.S.C. § 2111.

Unlike the first category where the violations allegedly occurred on or about January 6, 2021, with no specific victim, the second category of violations occurred at specific times and to specific law enforcement officers.

As the Court is well aware, Mr. Quaglin has had issues with viewing his discovery over the last two years. However, after Mr. Quaglin finally had an opportunity to view his discovery and to be apprised by his attorneys as to how the elements of the general charges correspond to his general conduct on and leading up to January 6, Mr. Quaglin immediately took responsibility for his conduct and instructed his attorneys to inform the Government that he does not deny the essential elements of the general charges and offered to stipulate to (1) the fact that he was present at the Capitol on January 6; (2) the fact that he is the man in the MAGA hooded sweatshirt identified as BOLO #58; (3) his intention to travel to Washington, D.C. was to obstruct the certification of the 2020 election in violation of § 1512(c)(2); and (4) his conduct at the Capitol on January 6 violated 18 U.S.C. §§ 1512(c)(2), 231(a)(3), 1752(a)(2), 1752(a)(4) and 40 U.S.C. § 1504(e)(2).

Despite these concessions, Mr. Quaglin chose to proceed to trial because he wants to preserve certain issues for appeal that do not relate to his factual guilt and to challenge the applicability of 18 USC §§ 111(b) and 2111 to specific instances of his conduct.

Given Mr. Quaglin's acceptance of responsibility to the general charges and his willing to stipulate to violation of the same, the issues presented for trial regarding Mr. Quaglin should be limited to his specific conduct underlying Counts 1 2, 3, 4, 11, 20, 23, and 26 - namely video evidence and witness testimony relating to the alleged assaults and robbery at 1:08 to 1:15 p.m. (Counts 1, 2, 3, and 4), the alleged assault at 2:34 p.m. (Count 11), and the alleged assaults and robbery at 3:02 to 3:12 p.m (Counts 20, 23, and 26).

In addition to the Government's proposed stipulations which Mr. Quaglin adopts in total, Mr. Quaglin offered the following additional language:

> Christopher Joseph Quaglin traveled to Washington, D.C. on January 5 with the intention of obstructing the official proceeding held at the Capitol on January 6, 2021 and knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engaged in disorderly and disruptive conduct in and within such proximity to, a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions.
>
> The below photographs are fair and accurate depictions of Christopher Joseph Quaglin on restricted grounds outside of the U.S. Capitol building on January 6, 2021. Government Exhibits 404.8 and 804 are fair and accurate depictions of Christopher Joseph Quaglin on restricted grounds outside of the U.S. Capitol building on January 6, 2021.

Mr. Quaglin has further offered for the Government to provide any additional language the Government feels is necessary to lay the necessary factual predicate to secure a guilty verdict for the general charges of Counts 34, 35, 39, 47, and 53.

Mr. Quaglin's stipulations effectively limit the issues at trial to the four corners of the body camera video and obviate the need for the Government to bring civilian witnesses about Mr. Quaglin's character or intent prior to January 6 or the contents of Mr. Quaglin's social media posts or any other evidence that does not relate to the specific discrete instances at issue.  Mr. Quaglin makes these broad and sweeping concessions because he generally takes responsibility for his actions on January 6, and in the interest of efficiency and to save the Government some needless preparation for trial.

## EVIDENCE OUTSIDE THE FOUR CORNERS OF THE SPECIFIC INSTANCES SHOULD BE EXCLUDED

**Evidence outside the four corners is not relevant.**

Given Mr. Quaglin's willingness to stipulate to the general Counts and that he is only litigating the applicability of §§ 111 and 2111 to his specific and discrete acts at precise moments in time, any evidence outside of the four corners of the video evidence or witness testimony of those acts or directly surrounding those acts must be excluded as irrelevant pursuant to FRE 401.

FRE 401 instructs that "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.

The advisory comments state: "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case. Does the item of evidence tend to prove the matter sought to be proved?" "A rule of thumb is to inquire whether 'a reasonable man might believe the probability of the truth of the consequential fact to be different if he knew of the proffered evidence.'" *United States v. Brashier*, 548 F.2d 1315, 1325 (9th Cir. 1976) (citing J. Weinstein & M. Berger, Weinstein's Evidence).

Evidence outside of the four corners of the specific events underlying the assault and robbery counts fail the Ninth Circuit's "rule of thumb." Applied to this case, the questions necessary to decide whether Mr. Quaglin's actions depicted on video constitute assault and/or robbery are not addressed by displaying, for example, social media posts from a month earlier that show that Mr. Quaglin believed the election was fraudulently stolen. For example, one of the issues to be decided is whether Mr. Quaglin used a police shield in a manner that constituted a deadly weapon. This Court has dealt with that factual issue in other January 6 cases. Social media posts from December of 2020 do nothing to prove or disprove that fact. The only element to § 111 that requires intent outside of the four corners of the video and witness testimony is the intent to commit another felony. But Mr. Quaglin's stipulations regarding §§ 1512 and 231 address that

issue because he has effectively admitted to the felonies that he intended to commit so no other evidence is necessary. *See Old Chief v. United States,* 519 U.S. 172 (1997).

As evidence outside of the four corners does not have any tendency to make a fact of consequence in determining any of the elements of the assault or robbery charges more or less probable than it would be without the evidence, all evidence outside of the four corners should be excluded pursuant to FRE 401.

**Evidence outside of the four corners is needlessly cumulative and a waste of time.**

Even if the Court finds that some evidence outside of the four corners is necessary, the Government must be limited to the minimal amount so as to avoid "undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403 instructs that "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Government has prepared a powerpoint presentation for the trial with 164 slides documenting Mr. Quaglin's social media posts from November 4, 2020 until January 8, 2021. Mr. Quaglin's attorneys have suggested that the Government skip this needless presentation of cumulative and unnecessary evidence, but the Government indicated in response that the Government will insist on entering the entire presentation with all 164 slides into evidence. There is no reason that even a single slide should be admitted into evidence as every slide is irrelevant to the issues that need to be decided regarding the assault and robbery charges.

A more egregious example is the Government's exhibit of Mr. Quaglin's internet search history and the contents of a phone believed by the Government to be Mr. Quaglins. These exhibits would be probative if Mr. Quaglin's identity was in dispute or if his intent to disrupt the official

proceeding was in dispute. But that is not the case. These exhibits do not even approach the issues left for trial after Mr. Quaglin's stipulations.

This case is in some ways analogous to the seminal case of *Old Chief v. United States,* 519 U.S. 172 (1997). In that case, Old Chief was charged with a gun-related crime that required the Government to establish as a necessary element that the defendant has a prior felony conviction. Old Chief had a prior gun-related felony conviction, but rather than make the Government prove that element which could be easily proven to the jury by admitting into evidence a public record of his conviction, Old Chief stipulated to his conviction and asked that the Court restrict the Government to only inform the jury that Old Chief was convicted of a felony, without mentioning which felony. The Supreme Court held that the Government cannot introduce evidence concerning the nature of a prior offense when a defendant concedes the fact of a prior conviction because, given the stipulation to the felony element, the probative value of the nature of the felony offense was outweighed by the unfair prejudice, pursuant to the FRE 403 balancing test.

Though admittedly the application of the FRE 403 balancing test is limited somewhat because this is a bench trial, the principle of *Old Chief* still applies.

> Judges trying cases, whether in a bench trial or with a jury, should not have access to the extensive details of a defendant's prior criminal record unless absolutely necessary. Courts generally are not allowed to have that information until after a verdict has been rendered. Trial judges can be influenced in their rulings by prior knowledge of extensive criminal records. It is submitted that a defendant's rights are generally better protected when the evidence surrounding prior convictions that is presented to the court is limited to the bare essentials.

*United States v. Lipscomb*, 702 F.2d 1049, 1077 (D.C. Cir. 1983). If this applies to a defendant's criminal record which is publicly available information, how much more so does it apply to the private contents of a person's phone or private messages. *See Riley v. California*, 573 U.S. 373, 403 (2012) (recognizing the sensitive nature of the contents of a person's cell phone).

*Old Chief* stressed the significance of "evidentiary alternatives," in the context of a stipulation or concession like in this case. *Id.* at 184.

> The Committee Notes to Rule 401 explicitly say that a party's concession is pertinent to the court's discretion to exclude evidence on the point conceded. Such a concession, according to the Notes, will sometimes "call for the exclusion of evidence offered to prove [the] point conceded by the opponent. . . ." Advisory Committee's Notes on Fed. Rule Evid. 401, 28 U.S.C. App., p. 859. As already mentioned, the Notes make it clear that such rulings should be made not on the basis of Rule 401 relevance but on "such considerations as waste of time and undue prejudice (see Rule 403). . . ." *Ibid*. The Notes to Rule 403 then take up the point by stating that when a court considers "whether to exclude on grounds of unfair prejudice," the "availability of other means of proof may . . . be an appropriate factor." Advisory Committee's Notes on Fed. Rule Evid. 403, 28 U.S.C. App., p. 860. The point gets a reprise in the Notes to Rule 404(b), dealing with admissibility when a given evidentiary item has the dual nature of legitimate evidence of an element and illegitimate evidence of character:

*Id.*

Here there are ample alternative means via stipulation to get the Government where it needs to be to lay a factual foundation for a conviction on the general counts such that the need for social media posts or internet search history are obviated. For those reasons, given Mr. Quaglin's willingness to take responsibility for the general charges and to stipulate to whatever is necessary towards those charges, the Government should be prohibited from entering any evidence that is outside the four corners of the video evidence or witness testimony or other evidence necessary to determine the disputed issues in the assault and robbery charges.

## CONCLUSION

For the foregoing reasons, Mr. Quaglin respectfully requests that the Court issue an order allowing only evidence that goes to elements of charges that have not been stipulated to, and excluding needless evidence including but not limited to Mr. Quaglin's social media and internet search history.

Dated: July 7, 2023                                    Respectfully submitted,

/s/ Maria T. Rodriguez
Maria T. Rodriguez, Esq.
Fla. Bar No.:  0168180 / DC FL MD/SD
P.O. Box 2176
Tarpon Springs, FL 34688
Tel:  (727) 238-2342
Email:  attorneymariar@aol.com

/s/ Jonathan Gross
Jonathan Gross
Bar ID: MD0162
2833 Smith Ave, Suite 331
Baltimore, MD 21209
(443) 813-0141
jonathansgross@gmail.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY on the 7th day of July, 2023, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ *Maria T. Rodriguez*