IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) |
| V. | ) Case No. 21-CR-0040-TNM ) ) ) |
| CHRISTOPHER QUAGLIN, | ) ) |
| Defendant. | ) ) |

## MOTION TO VACATE STIPULATED TRIAL AGREEMENT

**COMES NOW**, Defendant, Christopher Quaglin, by and through counsel, and hereby moves the Court to grant his Motion to Vacate Stipulated Trial Agreement, and in support of his motion states:

1. Defendant is requesting this Honorable Court vacate the Stipulated Trial Agreement ("Agreement") that was entered into on July 10, 2023.

2. Defendant was represented by Ms. Maria Rodriguez at the time of signing the agreement. Ms. Rodriguez coerced and pressured the Defendant into signing the agreement. Ms. Rodriguez also promised the Defendant that he would be going home if he signed the agreement.

3. During this time of signing this agreement, Defendant was under distress from abuse in the jail and under stress from the circumstances. Also, Defendant's wife filed for divorce shortly before this stipulated trial occurred.

4. Defendant also told Ms. Rodriguez that he had not had time to read the

1

agreement, since she had presented it to Defendant just literally **a few minutes before the scheduled trial**.

5. Ms. Rodriguez made many promises to the Defendant, including that she was going to get him home to "fix his family." She also promised that she could get rid of the guilty pleas at sentencing.

6. A witness observed this attorney pressure and coerce the Defendant.

7. Defendant believes that his attorney, Ms. Rodriguez, was not ready for trial and this was the reason for the pressure and coercion to sign the agreement. Ms. Rodriguez had at least three months to prepare for trial and did not. She only spent two hours with Defendant preparing for trial.

8. Ms. Rodriguez did not have witnesses lined up to testify and had not gathered evidence, according to the Defendant.

9. Defendant signed the agreement without reading it after his attorney made him sign it.

10. Defendant is NOT incapacitated. He was just under extreme duress and stress during the time that his attorney coerced him to sign the agreement.

11. In *Strickland v. Washington*, 466 U.S. 668, if a party argues that a stipulation was agreed upon under duress, it challenges the fundamental fairness of the agreement by suggesting that the stipulation was not the product of a free and voluntary act. As noted, "Counsel also has a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process" (*Id*. at 688). The presence of duress would violate this duty as it corrupts the decision-making process, preventing the stipulation from being a true and fair

representation of the party's intentions.

12. The Court emphasizes that "the right to counsel is the right to the effective assistance of counsel" and that this assistance is deemed ineffective when a lawyer's conduct was not based on "informed strategic choices" (*Id.* at 690). If these choices are coerced due to duress, such as threats or improper pressure, they cannot be considered strategic or informed. Consequently, any stipulation arising from such circumstances lacks legitimacy and enforceability because it does not arise from the "adversarial testing" that is central to a just legal process.

**WHEREFORE,** Defendant prays for this Court to grant his motion to vacate the stipulated trial agreement.

Respectfully Submitted,

*/s/ Kristi S. Fulnecky*
Kristi S. Fulnecky, MO Bar # 59677

FULNECKY LAW, LLC
2627 W. Republic Road, Suite A-108
Springfield, MO  65807
417-882-1044 phone
kristi@fulneckylaw.com

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

4

The undersigned certifies that a copy of the foregoing was electronically filed with the Pacer System on April 17, 2024, using the Federal E-file System and a copy was made available to all electronic filing participants.

<u>/s/  Kristi S. Fulnecky</u>
Kristi S Fulnecky
Attorney for Defendant