**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) |
| V. | ) Case No. 21-CR-0040-TNM ) ) ) |
| CHRISTOPHER QUAGLIN, | ) ) ) |
| Defendant. | ) |

**CHRISTOPHER QUAGLIN'S SENTENCING MEMORANDUM**

**COMES NOW**, Defendant, Christopher Quaglin, by and through counsel, and hereby submits his Sentencing Memorandum pursuant to 18 U.S.C. § 3553.

**I.    INTRODUCTION**

Mr. Quaglin is a family man, father, husband, and electrician from New Jersey with no criminal record except for driving under the influence 17 years ago. He was arrested in April 2021, more than three years ago, in connection with the January 6, 2021 events. Mr. Quaglin has been very vocal about his treatment in multiple jails including not given a proper diet and medical treatment, and about receiving ineffective assistance of counsel from his multiple attorneys. Mr. Quaglin has been very vocal about being a political prisoner and how he has been treated differently and charged differently as a conservative than if he had been part of liberal riots, such as with Black Lives Matter, Antifa, current university riots, or other similar riots.

Mr. Quaglin has suffered greatly in many jails in America. The prisoners at

1

Guantanamo Bay were treated better than Mr. Quaglin was treated in the D.C. jail and other jails he was transported to.

## II.     FACTUAL BACKGROUND

In the Government's brief, it states that Mr. Quaglin was convicted of 14 counts, "six counts of assault, two counts of robbery, obstruction of the Congressional certification vote, and other offenses." It is Mr. Quaglin's position that he received ineffective assistance of counsel throughout his case, particularly when he was coerced and pressured to sign the stipulated trial agreement.

Ms. Rodriguez coerced and pressured the Defendant into signing the agreement. Ms. Rodriguez also promised the Defendant that he would be going home if he signed the agreement. During his jail incarceration, Defendant suffered distress from abuse in numerous jails, from being transported to different jails across the country, had suffered medically from inadequate diet due to his Celiac disease, and was under extreme stress from his wife filing for divorce shortly before his stipulated trial occurred.

Mr. Quaglin was also denied medical treatment for not only his Celiac's disease but also for a known shoulder injury, finger injury, and knee injury sustained while incarcerated.

Mr. Quaglin told Ms. Rodriguez that he had not had time to read the agreement, since she had presented it to Defendant just literally **a few minutes before the scheduled trial**. Ms. Rodriguez made many promises to the Defendant, including that she was going to get him home to "fix his family." She also promised that she could get rid of the guilty pleas at sentencing. A witness observed this attorney pressure and coerce Mr. Quaglin.

Mr. Quaglin believes that his attorney, Ms. Rodriguez, was not ready for trial and this was the reason for the pressure and coercion to sign the agreement. Ms. Rodriguez had at least three months to prepare for trial and did not. She only spent two hours with Defendant preparing for trial. Ms. Rodriguez did not have witnesses lined up to testify and had not gathered evidence, according to the Defendant. Defendant signed the agreement without reading it after his attorney made him sign it. Mr. Quaglin's attorney did not present evidence on his behalf and did not call witnesses.

Mr. Quaglin was also met during his criminal litigation with attorneys who missed multiple deadlines and charged outrageous legal fees. Some of these attorneys never reviewed any of the Government's evidence and some attorneys did not send Mr. Quaglin the discovery.

Assuming Mr. Quaglin was the Defendant in the videos offered by the Government, Mr. Quaglin does not state in the pre-January 6 videos that he plans to go to Washington, D.C. to harm anyone. It appears to be more of a rallying cry of wanting to protect his rights as a citizen. And regarding the emphasis the Government places on the "wall of weapons," many Americans keep firearms and protective gear in their homes as part of their Second Amendment constitutional right. Additionally, this gear that the Government speaks of could have been worn for self-protection should Antifa or others riot against those attending the rally on January 6.

The Government cites Mr. Quaglin's comments about how the previous election was stolen by Biden. These comments are not unusual in political discourse in America today.

Assuming the videos the Government presents identify Mr. Quaglin, Mr.

Quaglin did not enter the Capitol Building.  Additionally, there is no evidence that Mr. Quaglin stole property.  The police shield looks to be handed to him and the bike rack was not stolen.  A few of the videos with the police appear to be self-defense.

### III. FACTS CONCERNING MR. QUAGLIN

Mr. Quaglin is a 38-year-old electrician from North Brunswick, New Jersey.  He has been an electrician for approximately 15 years.  Mr. Quaglin did not have a criminal record prior to his arrest in this case except for a DUI 17 years ago.  He has spent three years in jail and has been transported to numerous jails across the country.  He is a family man and has a three-year-old son.  He is married, however, his wife filed for a divorce two years after he was arrested.

He suffers from Celiacs disease and was malnourished in multiple jails due to not having the proper diet.  He also received inadequate medical attention while in these jails.

Mr. Quaglin was an electrician but has been unable to work or have a source of income since being in jail more than three years.  His attorneys' fees have come from donations and from family and friends.

### IV. ARGUMENT

Pursuant to 18 U.S.C. § 3553, factors this Court should consider in imposing sentencing, which should be sufficient, but not greater than necessary, are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed— (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from

further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; … (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

### A. Nature and Circumstances of the Offense

Assuming the Government videos identify Mr. Quaglin, there is no evidence of any stolen property. If the vidoes of assault of the police officers are accurate, assaults of police officers are serious offenses and Mr. Quaglin argues that the three years in jail is adequate for these crimes, assuming the videos are Mr. Quaglin.

Thousands of people attended the rally on January 6, 2021 so the allegations of being outside the Capitol and wearing protective gear for self-defense was not unusual for that day. The rallying cry of going to Washington, D.C. is political speech and not any different from speech by other political groups.

Mr. Quaglin argues that the nature of the offense prong would be met by the three years already spent in jail, and this weighs in favor of the Defendant.

### B. History and Characteristics of the Defendant

Mr. Quaglin does not have a criminal background nor does he have any violent incidents or charges. He is a family man and was active in his New Jersey community prior to his arrest. Mr. Quaglin has been married for 10 years and has a three-year-old son. He has been an electrician for over 15 years.

Mr. Quaglin's grandfather was a police officer and Mr. Quaglin has organized

peaceful marches in the past in support of North Brunswick Law Enforcement, such as in June of 2020. He also donated to the North Brunswick Police Department's annual fundraiser every year.

At one point in Mr. Quaglin's life, he tried to enlist in the Army but was denied for medical reasons. He was diagnosed with Celiac's disease at the age of 10.

Mr. Quaglin is very patriotic and loves his country. He has been a lifelong member of the Catholic Church.

This factor weighs in favor of the Defendant.

### C. Need for Sentence to Reflect Seriousness of Offense

Mr. Quaglin, having spent three years in jail suffering physically, is aware of the seriousness of the offenses. This factor weighs in favor of the Defendant.

### D. Adequate Deterrence

Mr. Quaglin does not have a criminal or violent background. This factor weighs in favor of the Defendant.

### E. Sentencing Disparities

Of the other eight co-defendants in this case, these co-defendants' sentences ranged from one year to seven-and-one-half years in prison. The Government is asking for 14 years in prison for Mr. Quaglin which is very different than his other co-defendants, so this factor also weighs in favor of the Defendant.

The Government states that Mr. Quaglin was unlike the other co-defendants because he had the clear intention of stopping Congress from certifying the election results. Not once does this quote appear in any of the Government's evidence.

### V. CONCLUSION

6

The Government asks for restitution but does not include any costs or medical bills of any of the alleged victims.  Also, considering the Defendant's resources, Mr. Quaglin has not been able to work in over three years and has no income.

The Government's intention in imposing an $82,000 fine in this case is to prevent and deter those who support political causes and donate money for attorney's fees.  The Government is seeking to silence donors by imposing a fine for the same amount as the funds raised by the Defendant.

For all of these reason, Mr. Quaglin asks this Honorable Court to impose a non-incarceration sentence in this matter, to take into account the three years of time already served, to consider the sentences of his Co-Defendants as a comparison, to not impose a fine or restitution, to order probation, and such other sentence this Court finds just and reasonable under the circumstances.

Respectfully Submitted,

*/s/  Kristi S. Fulnecky*
Kristi S. Fulnecky, MO Bar # 59677

FULNECKY LAW, LLC
2627 W. Republic Road, Suite A-108
Springfield, MO  65807
417-882-1044 phone
kristi@fulneckylaw.com

ATTORNEY FOR DEFENDANT

DATED:  May 17, 2024